Robert W. Cohen (State Bar No. 150310)
Law Offices of Robert W. Cohen
A Professional Corporation
1875 Century Park East, Suite 1770
Los Angeles, CA 90067,
Tel. (310) 282-7586

Attorney for Plaintiff
NAOKO OHNO

FILED

10 AUG 26 PM 2:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NAOKO OHNO, an individual,

    Plaintiff,

    v.

YUKO YASUMA, an individual, and
SAINTS OF GLORY CHURCH, a
California corporation,

    Defendants.

Case No. CV 10 6400 ODW PJWx

**COMPLAINT FOR RECOGNITION OF FOREIGN MONEY JUDGMENT**

Plaintiff Naoko Ohno alleges and complains as follows:

*JURISDICTION*

1. This is an action for recognition of a foreign final judgment pursuant to the Uniform Foreign Country Money Judgments Recognition Act ("UFCMJRA"), California Code Civ. Proc. § 1713, *et seq.*, and pursuant to principles of international comity.

2. The Court has jurisdiction over the subject matter of the action under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because there is diversity of citizenship between the parties.

3. Plaintiff Naoko Ohno is a citizen and resident of Japan.

4. Plaintiff is informed and believes and thereon alleges that defendant Yuko Yasuma is a citizen of the State of California within the meaning of 28 U.S.C. § 1332.

5. Defendant Saints of Glory Church ("the Church") is a religious corporation organized

1

**Complaint for Recognition of Foreign Money Judgment**

and existing under the laws of the State of California, with its principal place of business in the Central District of California.

## FIRST CLAIM FOR RELIEF

### RECOGNITION OF FOREIGN JUDGMENT UNDER THE UFCMJRA

6. Plaintiff incorporates paragraphs one through five as though fully set forth herein.

7. On or about March 20, 2007, plaintiff filed an action in the Tokyo District Court in Japan asserting claims for tort and unjust profiteering against the Church and its principal pastor, defendant Yuko Yasuma. The substance of the claims asserted in the lawsuit was that by way of a long term pattern and practice of physical and emotional abuse, threats, and deceit, all performed in the course of defendants' church-related activities carried out in Japan, defendants overpowered plaintiff's capacity for the exercise of her own free will and fraudulently forced and induced her to transfer over to defendants virtually the entirety of her considerable life's savings and assets.

8. Defendants were duly served with process in Japan and in accordance with Japanese law, and, through counsel, appeared in the action and contested plaintiff's claims by way of extended hearings, submissions of evidence and witness testimony, and a full trial on the merits.

9. On August 28, 2009, a judgment in that action was issued by the Tokyo District Court in favor of plaintiff and against the Church and Ms. Yasuma, jointly and severally in the amount of ¥78,878,424, together with prejudgment interest thereon at the rate of five percent per year beginning March 27, 2002. A copy of the judgment from the Tokyo District Court together with a certified English translation thereof is attached hereto as Exhibit A.

10. The applicable exchange rate on the day of entry of the Japanese judgment, August 28, 2009, was one United States Dollar to 93.5426 Japanese Yen. In United States Dollars, therefore, the total judgment equals $843,235.66, together with five percent annual interest thereon beginning March 27, 2002.

11. Following entry of judgment by the Tokyo District Court, defendants, through counsel, filed an appeal of that judgment, which was heard and determined by the Tokyo High Court. On February 17, 2010, the Tokyo High Court entered an opinion and ruling affirming the

judgment of the Tokyo District Court in all respects.  A copy of the opinion and ruling of the

Tokyo High Court, together with an English translation thereof is attached hereto as Exhibit B.

The time for further appeal has elapsed, and the judgment is now conclusive, final, and

enforceable under the laws of Japan.

12.  In light of the foregoing, the Japanese judgment is subject to full enforcement in

accordance with its terms by plaintiff against defendants and is entitled to recognition and

enforcement by this Court in the same manner as a judgment rendered in a sister state.

## SECOND CLAIM FOR RELIEF

### RECOGNITION OF JUDGMENT PURSUANT TO INTERNATIONAL COMITY

13.  Plaintiff incorporates paragraphs one through twelve as though fully set forth herein.

14.  The Court has authority to recognize foreign judgments even in circumstances where

the judgments are not within the scope of the UFCMJRA.  Cal. Code Civ. Proc. § 1723.

15.  The Japanese judgment is entitled to recognition and enforcement pursuant to

traditional principles of international comity as understood and applied by the courts of the

United States and the State of California.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1.  For judgment against defendants Yuko Yasuma and Saints of Glory Church, jointly

and severally, in the amount of $843,235.66, together with five percent annual interest thereon

beginning March 27, 2002.

2.  For costs of suit; and

3.  For such other and further relief as the Court deems proper.

DATED: August 23, 2010                           LAW OFFICES OF ROBERT W. COHEN
                                                 A Professional Corporation


                                                 By_____
                                                     Robert W. Cohen
                                                     Attorney for Plaintiff
                                                     NAOKO OHNO

3

EXHIBIT A

## DECLARATION OF INTERPRETER/TRANSLATOR

I, Kaoru Tamura say: I am a Japanese-English court interpreter certified by the State of California Judicial Council, Administrative Office of the Courts; I am also listed as a Japanese-English court interpreter qualified to interpret in the United States District Court for the Central District of California.  I am familiar with the English and Japanese languages; I have translated the attached document: ***Judgment Pronounced August 28, 2009 by the Tokyo District Court, Case No. 2007 (Wa) No. 7020, Matter re Action for Damages re Plaintiff Ohno vs. Defendants Saints of Glory Church, Yasuma, Ihara et al. ***, consisting of 18 (eighteen) pages and translated into 18 (eighteen) pages, from Japanese to English to the best of my ability and knowledge, and subject to the copy quality of the Japanese document which was received by me.

The foregoing is a true and correct translation of said document.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on 20th day of August, 2010 at Los Angeles, California.



_____

Kaoru Tamura

Judgment Pronounced August 28, 2009   Original Received on Same Date      Clerk of Court

Tokyo District Court 2007 (Wa) No. 7020   Matter re Action for Damages

Date of Completion of Oral Argument    July 31, 2009

<div align="center">Decision</div>

33-19-203 Nishigahara 2-chōme, Kita-ku, Tokyo

|  |  |
|---|---|
| Plaintiff | Naoko Ohno |
| Attorneys for same | Masaki Kito |
|  | Go Ekawa |

1780 East Banyan Street, Anaheim, California 92805, the United States of America

|  |  |
|---|---|
| Defendant | Saints of Glory Church |
| Representative Officer of above | Yuko Yasuma |
|  | (hereinafter called "Defendant Church") |

Same Address

|  |  |
|---|---|
| Defendant | Yuko Yasuma |
|  | (hereinafter called "Defendant Yasuma") |

7-6 Kami Nakazato 1-chōme, Kita-ku, Tokyo

|  |  |
|---|---|
| Defendant | Rie Ihara |
|  | (hereinafter called "Defendant Rie") |

Same Address

|  |  |
|---|---|
| Defendant | Jin Ihara |
| Attorney for Defendants | Wataru Matsumaru |

<div align="center">Holding</div>

1. Defendant Church, Defendant Yasuma and Defendant Rie shall jointly pay to Plaintiff the sum of 78,878,424 Yen and 5% annual interest from March 27, 2002 through completion of payment.

2. All other claims against the Defendant Church, Defendant Yasuma and Defendant Rie, as well as the claim against Defendant Jin, are dismissed.

3. As to the costs of suit, between the Plaintiff and Defendant Church, Defendant Yasuma and Defendant Rie, the costs shall be divided by 10 and 1/10 shall be borne by Plaintiff, and the remainder shall be borne by Defendant Church, Defendant Yasuma and Defendant Rie.  As between Plaintiff and Defendant Jin, Plaintiff shall bear the costs.

4. This decision may be provisionally executed as to Paragraph 1 of this Holding.

Facts and Reasoning

No. 1   Claim

Plaintiff seeks payment of 85,594,766 Yen and 5% annual interest from March 27, 2002 through completion of payment, jointly from the Defendants.

No. 2   Summary of this Case

1.   Substance of this Case

Plaintiff had been a member of the Defendant Church.  Alleging that she was induced to make the offerings because of fraudulent and threatening statements made by Defendants, the Plaintiff seeks 85,594,766 Yen (the partial amount of 86,459,766 Yen which is total of 68,678,424 Yen equivalent to the amount of the Offerings, 10,000,000 Yen for pain and suffering, attorneys fees of 7,781,342 Yen) for tort (as to the Defendant Church, primarily for tort and secondarily for unjust enrichment) and delay interest damages of 5% annual rate from the last day in which an offering was made (March 27, 2002) to the time in which repayment is complete.

2.   The Parties (There is no dispute between the parties, except as to that in which evidence has been added.)

(1)   Plaintiff is a woman born 1959, and became a member of the Defendant Church in 1994.

(2)   Defendant Church is a church registered as incorporated in the State of California, the United States of America.

(3)     Defendant Yasuma is the representative of the Defendant Church, is one of its founders and is active as a minister of the Defendant Church.

(4)     Defendant Rie is the person in charge of the gatherings which the Defendant Church holds in Tokyo, and became a minister of the Defendant Church in April 2003 (Defendant Rie herself).  Defendant Jin is the husband of Defendant Rie, and is a member of the Defendant Church.  The base of operations for the Defendant Church in Japan was at the residence of Defendant Rie and Defendant Jin.

3.     Assertions by the Plaintiff

(1)     The Offerings

As shown in the attached Chart listing the amount of outlay, Plaintiff made the offerings totaling 68,678,424 Yen to the Defendant Church from January 24, 2002 to March 27 of the same year (hereinafter referred to as "the Offerings in this Case").

(2)     Chronology leading up to the Offerings in this Case

Defendant Yasuma and Defendant Rie stated that the words uttered by Defendant Yasuma are absolute, that one will fall to Hell if her words are not obeyed, and persistently pressured Plaintiff to make the offerings.  At that time, the Plaintiff was housed with other members of the Defendant Church and was under watch.  Further, even though she was in a state of general ataxia, she was prohibited from taking medication and was in an extremely unstable mental condition.  While being in such a condition, she was persistently pressured to make the offerings by being told that she will fall into Hell if she is attached to money, and as a result, the Plaintiff made the Offerings in this Case which constituted almost the entirety of her assets.

(3)     Emotional Distress

The Plaintiff was subjected to emotional distress due to the Defendants' conduct, as follows:

A     After graduating from Tokyo University of Foreign Studies, she had been engaged in the occupation of trading, etc. in foreign banks and finance companies.  However, after being told many times by Defendant Yasuma that "You don't need your head," she wound up leaving the finance company in February 1999, and she was deprived of her freedom to choose her occupation.  Furthermore, she lost almost her entire assets through the Offerings in this Case, and she was forced to being reduced to live in an extremely destitute way of life.

B      Plaintiff was told by Defendant Yasuma that medication was not good because of the side-effects and was forbidden to take medications, and was compelled to spend her days in a mentally unstable condition.

C      Around February 1998, Plaintiff was notified of her father's imminent death, but because Defendant Yasuma would not grant approval, she was neither able to be present at her father's last moments nor to attend his funeral.  This caused a rift in her relationship with her family, and even when the Plaintiff's mother died in October 2005, she was not let known of that.

D      Because the Plaintiff was told by Defendant Yasuma that it was not good to marry, she became passive toward marriage, and was deprived of the opportunity to marry and have a family life.

(4)     Causation through Defendants' Fault

A     Defendant Yasuma

Defendant Yasuma is liable to the Plaintiff for damages for the conduct above, pursuant to Civil Code Section 709 and Section 719.

B     Defendant Church

Defendant Church is liable to the Plaintiff for damages for the conduct above, pursuant to Civil Code Section 709, Section 715 subsection 1, Section 44 subsection 1 or the analogous application under Religious Corporations Code Section 11 subsection 1, and Section 719.

Moreover, assuming arguendo that the above liability cannot be established, the Offerings in this Case is still invalid as being contrary to public policy (Civil Code Section 90), and the Defendant Church is the beneficiary of malicious intent. Therefore, the Defendant Church is liable to disgorge the benefit it gained as an unjust enrichment through the Offerings in this Case, and to compensate the Plaintiff for the damage which she sustained.  (Civil Code Section 703 and Section 704).

C     Defendant Rie

Defendant Rie conspired with Defendant Yasuma to cause the Plaintiff to make the Offerings in this Case,

so that she is liable to the Plaintiff for damages, pursuant to Civil Code Section 709 and Section 719.

                D      Defendant Jin

           Defendant Jin was involved in the inducement of the Offerings in this Case, so that he is liable to the Plaintiff for damages, pursuant to Civil Code Section 709 and Section 719.

          (5)    Amount of Damage

       The damage which Plaintiff sustained is the total of A through C below, in the amount of 86,459,766 Yen:

                A      68,678,424 Yen, equivalent to the amount of her offerings;

                B      10,000,000 Yen, in pain and suffering;

                C      7,781,342 Yen, in attorneys fees.

          (6)    Defendants invoke the running of the Statute of Limitations.  However, it was around September 19, 2006 (the date on which the Plaintiff sent the written claim for compensation to Defendant Church, Defendant Yasuma and Defendant Rie) that Plaintiff was able to flee from her terror of Hell which she had been inculcated by Defendant Yasuma and Defendant Rie and began to be conscious of the injury, such that the origination date for Statute of Limitations is this point in time.  Therefore, the Statute of Limitations was not past before the filing of this lawsuit (March 20, 2007), and thus the Statute of Limitation had not run.

4.     Assertion by the Defendant

          (1)    This lawsuit was brought by the Plaintiff seeking refund of the offerings that she had made based on her faith, but thereafter she was no longer able to believe in the teachings of the Defendant Church.  Thus, in order to determine the validity of the Plaintiff's claim, the interpretation of the teaching of the Defendant Church is important and necessary.  Therefore, this lawsuit is purely a religious dispute and cannot be deemed a legal dispute, so that it should be dismissed as not legal.

          (2)    Of the Offerings in this Case which the Plaintiff asserts, those indicated under Numbers 14 and 20 through 25 in the attached Chart listing the amount of outlay are admitted.  However, the amounts beyond those cannot be confirmed.  Plaintiffs had made the offerings based on her faith.

(3)     The other allegations made by the Plaintiff are denied.

(4)     Assuming arguendo that the claims asserted by the Plaintiff did occur, the Statute of Limitations has run.  Defendants have indicated the intent to invoke the Statute of Limitations on the date of the oral argument in this matter on April 9, 2008.


No. 3   Determination by this Court

1       Findings of Fact

Based on the evidence (Plaintiff's 1 through 3, Plaintiff's 6 though 9, Plaintiff's 23, Plaintiff's 28 [on the preceding evidence numbers, if there are sub-numbers thereunder, those sub-numbers are inclusive], Defendant's 1, Defendant's 7, the Plaintiff herself, the Defendant Rie herself, the Defendant Jin himself, results of the investigations requested) and the substance of all of the arguments presented, the following facts can be found.  In the testimony of the Defendant Rie, the portions which are contrary to the following cannot be adopted.

(1)     Plaintiff is a woman born in 1959, and became a member of the Defendant Church in 1994.  She graduated from the Tokyo University of Foreign Studies in March of 1983, and from April of the same year to February of 1999, she had been engaged in the occupation of trading, etc. in foreign banks and finance companies.

(2)     Around 1991, the Plaintiff was diagnosed with light depression by the Psychosomatic Medicine Department, and began taking anti-depressants and tranquilizers.

(3)     Plaintiff became a member of the Defendant Church in 1994 when she was working in London, and from around May 1997, she began to participate in the prayer meetings, bible study and worship which the Defendant Church held in Tokyo (hereinafter may be referred to collectively as "Tokyo Gatherings").  At the Tokyo Gatherings, the Defendant Rie led the readings of the words of the Bible and listening to the tape recordings of sermons which the Defendant Yasuma preached every Sunday in the Defendant Church in the State of California.  Furthermore, the members of the Defendant Church had to make an offering of one-tenth of their income; the Defendant abided by this and also made an offering of one-tenths of her income.  Defendant Jin attended the Tokyo Gatherings, collected these offerings from the church members and handed them to Defendant Rie.

(4)     At the Defendant Church, the members were taught that the words of the Bible were the absolute truth, and that they will go to Hell if they did not obey Jesus Christ.

Further, Defendant Yasuma and Defendant Rie quoted from the Bible and repeatedly preached obedience to Defendant Yasuma, and stated that "You do not need your head" and took a negative stance toward thought.

(5)     In February 1998, the Plaintiff's father died.  In January 1998, the Plaintiff had been informed by her younger sister that their father was in the terminal stage of cancer, and was asked to return home to see their father.  Because Plaintiff had been told by Defendant Yasuma and Defendant Rie regularly that it was not good to attend funerals, Plaintiff consulted with Defendant Yasuma about it; then Defendant Yasuma stated something negative about her going to see her father.  For that reason, the Plaintiff did not return home, and did not attend the funeral either.  In March of the same year, the Plaintiff went to the Defendant Church in the State of California, and was baptized in accordance with Defendant Yasuma's recommendation.

(6)     In February 1999, with the downsizing of the work at the company where she was working, the Plaintiff had to leave the company.  The Plaintiff went to the Defendant Church in the State of California and told Defendant Yasuma about leaving the company and living alone by herself.  Then she was told to live with Kuniko Ueki, who was a church member in the same situation, and from April of the same year, she rented a room in the "Sahra Asukayama" Apartments and the two of them began living together.  Moreover, because the Defendant Yasuma had repeatedly made negative statements about medications, the Plaintiff stopped taking anti-depressants and tranquilizers around this time.  In the summer of the same year, as Defendant Yasuma instructed, the Plaintiff purchased video(s) (Plaintiff's 8) and book(s) (Plaintiff's 7) which stated that Hell exists and that one will fall to Hell if Jesus Christ is not obeyed, and she began to watch and read them repeatedly.  Moreover, after this time, Defendant Yasuma began to refer sometimes to these video(s) and book(s).

(7)     Defendant Yasuma and Defendant Rie had been telling the Plaintiff and other church members to occasionally make "Givings" (that is, to personally give money to people who were in financial trouble or to people who had taken care of them in some way, separate and apart from the Offerings in this Case).  Further, when the Plaintiff tried to purchase an apartment in the beginning of 2001, she was told by Defendant Yasuma and Defendant Rie that she ought not do such a thing.

Then she decided to renew the lease contract for "Sahra Asukayama," and when she negotiated for the reduction of the rent, again she was told by Defendant Yasuma and Defendant Rie that she ought not do such a thing.  Because of these events, Plaintiff became obsessed with a sense of guilt that she had not obeyed Jesus Christ.  Then, after being told by Defendant Yasuma how she herself had always made "Givings," Plaintiff gave 800,000 Yen each to Defendant Yasuma and Defendant Rie around October of the same year.

(8)     On January 2, 2002, Defendant Yasuma took several hours to talk to Plaintiff, in a talk referred to as "Warnings" [or "Reprimands"] pressuring her to make the offerings.  In the talk, Defendant Yasuma told her that offering was entirely an act of grace, that the love of money was the primary root of evil and the route of Hell, that Hell was a world of eternity from which one could never return, that Jesus had taught that one should return to God what belongs to God, that one would never suffer want for letting go [=abandoning], that God would make a return in His own way 30 times, 60 times, 100 times over, that if one loves money one would be completely separated from God's love, that one becomes poorer the more money one has, that if one can sever the root of all evil one may enter into the way of blessings, and so forth (Plaintiff's 23).

Plaintiff received such "Warnings" as set forth above from Defendant Yasuma, was overcome with terror and compelled to make the offerings.  As a result, from January 24, 2002 to March 27, 2002, she closed her savings account, etc., and, as set forth in the attached Chart listing amount of outlay, she made the Offerings in this Case by handing to Defendant Rie, or otherwise making remittances into Defendant Rie's deposit account, a total of 68,678,424 Yen in favor of Defendant Church.  This constituted almost the entirety of Plaintiff's assets, and after making the Offerings in this Case, the Plaintiff was left with only approximately 1,000,000 Yen.

(9)     Thereafter, Plaintiff began to feel that the attitude of Defedant Rie and the members of the Defendant Church toward her grew cold.  On September 26, 2003, Plaintiff was advised by Defendant Rie that Plaintiff had not been obedient to Jesus Christ and that she was to be driven out of the Defendant Church.  Thereafter Plaintiff was no longer able to participate in the Tokyo Gatherings, but even after that, she continued to believe in the tenets of the Defendant Church, listened to the tape recordings of Defendant Yasuma's sermons, and continued to live in a manner that was in accordance with the teachings of the Defendant Church.

However, on May 27, 2004, Plaintiff was ordered by Defendant Rie to get out of the apartment where she was living in with Ueki.  The reason given for Defendant Rie to order Plaintiff in this way was that the Plaintiff had not repented.  Around the summer of the same year, the Plaintiff was told by the psychiatrist she had been consulting that it would become a serious problem if she did not take the medications, and thus resumed taking medications.  Then she began to participate in services, etc. at a church different from Defendant Church, and around the end of 2005, she began to think that she had been defrauded by the Defendant Church and that she did not need to believe in the teachings of the Defendant Church.

Further, the medical office where the Plaintiff went to in November 2002 diagnosed that the Plaintiff had been suffering from general ataxia by the time of the consultation.

(10)    Plaintiff's mother died in October 2005 after being hospitalized from cerebral infarction.  Plaintiff had not been informed about her hospitalization, and was told only after her mother had died.


2       Legality of the Lawsuit

Defendants assert that, in order to determine the validity of the Plaintiff's claims, it is important and necessary to interpret the teachings of the Defendant Church, such that this lawsuit is a purely religious dispute and cannot be called a legal dispute, and thus should be dismissed as not legitimate.

However, this lawsuit is one in which the Plaintiff seeks the repayment of a sum equal to the offerings, compensation for pain and suffering and attorneys fees, based on the tort by Defendants (as to Defendant Church, primarily for tort, and secondarily for unjust enrichment) in causing her to make the offerings through their fraudulent and intimidating statements.  It cannot be said that there is need to make a judgment about the religious teaching itself, in order to make a determination about the validity of her claim.  Such being the case, this lawsuit cannot be said to be a religious dispute, and rather should be deemed a legal dispute.

Therefore, the Defendant's assertion that this lawsuit is not legal cannot be adopted.


3       The illegality of the inducement of the Offerings in this Case

(1)    The canvassing of donations by one who believes in a particular religion upon the members of that religion cannot be said to be illegal, so long as

the method does not step beyond the bounds of the scope of what can be considered to be socially appropriate.

However, if the action taken in inducing donations, upon a person who is being canvassed, is such as to incite anxiety, confusion, or terror in that person, and the decision to make the donation is induced under such a psychological condition, it cannot be considered to be based upon free will.  Thus it is considered to step beyond the bounds as stated above, is illegal, such that a tort can be established.

(2)     According to the facts found above, Plaintiff became a member of the Defendant Church from 1994, and from around May 1997 began to participate in the Tokyo Gatherings; at the Defendant Church it was taught that one would go to Hell if one does not obey Jesus Christ, and further, that Plaintiff was instructed by Defendant Yasuma to purchase video(s) and book(s) which stated that one would fall into Hell if one does not obey Jesus Christ, and she saw and read them many times; that Defendant Yasuma and Defendant Rie took a negative attitude toward thought by teaching that "You do not need your head," and repeatedly taught obedience to Defendant Yasuma; that Plaintiff had been diagnosed with a light depression around 1991, and had been taking anti-depressants and tranquilizers, but that because Defendant Yasuma had repeatedly made negative statements about medications, she stopped taking anti-depressants and tranquilizers in February 1999; that Plaintiff was told by Defendant Yasuma and Defendant Rie that she ought not try to buy an apartment or seek reduction of rent for the apartment she was leasing, and thereby became obsessed with the sense of guilt that he had not been obedient to Jesus Christ; that under such a state she was in, on January 2, 2002, Defendant Yasuma told Plaintiff that love of money was the route to Hell, that Hell was an eternal realm from which one could never return, that the love of money was the first root of evil, that by cutting off the first root of evil one can enter into the way of blessings, over several hours, calling it a "Warning," and pressured her to make the offerings;

that, because of this, Plaintiff became overcome with terror and felt compelled to make the offerings, and through Defendant Rie she made the Offerings in this Case to the Defendant Church; that the total sum of offerings amounted to 68,678,424 Yen, and that this constituted almost the entirety of Plaintiff's assets; and that at the medical facility which she consulted in November 2002, she was diagnosed as suffering from general ataxia by the time of the consultation.  These facts above can be found.

According to these facts above, Plaintiff was denied her own thought, and moreover, was in such a condition where she was not taking medications or receiving treatment despite the fact that she was suffering from depression and was in a state of general ataxia.  While in such a state, Plaintiff was repeatedly told that she would fall into Hell if she did not obey Jesus Christ, and became obsessed with the guilt that she had not been obedient to Jesus Christ.  Then, over the course of several hours, Plaintiff was made to listen to the talk that she would fall into Hell and would never be able to return from there if she did not make the offerings, became overcome by terror, and consequently gave almost all of her assets.  Moreover, the amount of the offerings she made was of an extremely high figure.

In this way, it can be established that the inducement of the Offerings in this Case was made in such a way as to incite anxiety and cause terror to the Plaintiff who was already in the state of depression and was suffering from general ataxia, and caused her to decide to make the offerings under such a psychological condition.  Taking this fact together with the fact that the amount of the offerings was extremely high, constituting almost the entirety of the Plaintiff's assets, it cannot be concluded that the Offerings in this Case was based on Plaintiff's free will.  Therefore, the inducement of the Offerings in this Case is deemed to be out of bounds from the scope of what is socially appropriate and thus is illegal, such that a tort can be established.

4        Defendants' Liability

(1)      Defendant Yasuma and Defendant Rie

According to the factual findings above, the inducement of the Offerings in this Case was conducted by Defendant Yasuma and Defendant Rie, and it can be said that both Defendant Yasuma and Defendant Rie had played a vital and significant role in inducement of the Offerings in this Case.

Therefore, Defendant Yasuma and Defendant Rie are both liable under Civil Code Section 709 and Section 719 to compensate Plaintiff

for the injury which the Plaintiff had sustained due to the inducement of the Offerings in this Case.

(2)     Defendant Church

According to the facts (in the preceding factual findings) that Defendant Yasuma is a representative of the Defendant Church, is one of its founders, and is active as a minister in the Defendant Church; that Defendant Rie was the person in charge of the Tokyo Gatherings and that the Defendant Church's base of operations in Japan was at Defendant Rie's residence (neither of which is contested); and that the Offerings in this Case was made in favor of the Defendant Church, it can be found that both Defendant Yasuma and Defendant Rie had made the act of inducing the Offerings in this Case in order to execute the business of the Defendant Church.

Therefore, Defendant Church is liable under Civil Code Section 715 to compensate Plaintiff for the injury that the Plaintiff sustained due to the inducement of the Offerings in this Case.

(3)     Defendant Jin

Defendant Jin is the husband of Defendant Rie, is a member of the Defendant Church, and the base of operations in Japan for the Defendant Church was at the residence of Defendant Rie and Defendant Jin (not contested).  However, it cannot be found that Defendant Jin is liable to the Plaintiff for tort, and there are not other evidences sufficient to establish that Defendant Jin had been involved in the inducement of the Offerings in this Case.

Therefore, it cannot be found that Defendant Jin is liable to Plaintiff for damages.


5     Amount of Damage

The amount of damage incurred by Plaintiff is found to be 78,878,424 Yen, which is the total of (1) through (3) below.

(1)     Amount of the Offerings

Through the Offerings in this Case, the Plaintiff is found to have incurred damages of 68,678,424 Yen, which is equivalent to the amount of offerings she made.

(2)     Pain and Suffering

A       As indicated above, Plaintiff was incited to feel anxiety and terror, and was caused to make an extremely high amount of Offerings in this Case which constituted almost her entire assets.  Therefore it can be found that she had been inflicted emotional distress, and in order to recompense for this, it is not sufficient for her to merely receive a compensation equivalent to the amount of the Offerings in this Case. Therefore the Plaintiff may make a claim for Pain and Suffering against Defendant Church, Defendant Yasuma and Defendant Rie.

B       Aside from this, Plaintiff asserts as the basis of the claim for Pain and Suffering: ① that she had to leave the finance company and was deprived of the freedom to choose her occupation because she had been told many times by Defendant Yasuma that "You do not need your head"; ② that she was forbidden to take medication and was subjected to spending her days in a state of mental instability after being told by Defendant Yasuma that medicine was not good because of the side-effects; ③ that she was unable to be present at her father's deathbed or to participate in his funeral because Defendant Yasuma would not give approval, and because of that, a rift occurred in her relationship with her family, and even when Plaintiff's mother died, she could not be informed of it; ④ she became passive about marriage and was deprived of the opportunity to marry and have a family life because she had been told by Defendant Yasuma that it was not good to marry, and thereby she suffered emotional distress.

The fact in ① that she was told many times that "You do not need your head," and the fact in ② can be taken into consideration as sufficient to be aspects in the act of inducing the Offerings in this Case, and toward compensation for Pain and Suffering.  However, as to the fact in ① that Plaintiff had left the finance company, according to the preceding findings of fact, her leaving the company was found to have been due to the downsizing of work by the company where she worked, so that Pain and Suffering cannot be sought from the Defendant concerning this matter.  As to ③ and ④, even in light of the chronology of events under the findings of fact above, it cannot be said that an illegal conduct took place which supports a finding of liability for compensation for Pain and Suffering.

C       Based upon the reasoning above, in light of the preceding findings of facts, the sum of 3,000,000 Yen is found to be the appropriate amount for Pain and Suffering.

(3)     Attorneys Fees

The sum of 7,200,000 Yen is found to be the appropriate amount of attorneys' fees to be compensated.

6     The Statute of Limitations

Defendants assert that the Statute of Limitations has run as to the Plaintiff's claim for damages.

However, the Statute of Limitations for the claim for damages for tort begins to run from the time in which the victim "became aware of the injury and the perpetrator" (Civil Code Section 724), so that, in order for one to become "aware of the injury and the perpetrator," it should be thought that it also requires one to become aware that the injurious conduct is an illegal conduct [tort]. Also, according to the preceding findings of fact, the Plaintiff had continued to live her life in a manner that was in accordance with the teachings of the Defendant Church even after making the Offerings in this Case, and it was not until around the end of 2005 that she began to think for the first time that she had been defrauded by the Defendant Church and that she did not need to believe in the teachings of the Defendant Church; thus, it should be said that it was around this time that she became aware that the act of inducing the Offerings in this Case had been an illegal conduct [=tort]. As such, the 3-year Statute of Limitation period had not passed thereafter by the time that this lawsuit was filed on March 20, 2007, so that it cannot be found that the Statute of Limitations has run.

Therefore, the above assertion by the Defendants cannot be adopted.

No. 4   Conclusion

As stated above, Plaintiff's claims have merit to the extent that damages in the sum of 78,878,424 Yen and delay interest damages at 5% annual rate from March 27, 2002 to the time in which payment is complete are being sought, pursuant to Civil Code Section 709 and Section 719 as to Defendant Yasuma and Defendant Rie, and pursuant to Civil Code Section 715 as to Defendant Church. All other claims against the Defendant Church, Defendant Yasuma and Defendant Rie, as well as the claim against Defendant Jin, have no merit.

Tokyo District Court, Civil Section, Department 37

- 14 -

Judge        Masatoshi Murakami

Chart Lising the Amount of Outlay

| NO | Date | Amount | Method of Payment | Evidence | Denial or Admission by Defendant |
|---|---|---|---|---|---|
| 1 | 01/24/02 | 500,000 | | | |
| 2 | 01/24/02 | 500,000 | | | |
| 3 | 01/24/02 | 200,000 | | Responses to Investigated Items | |
| 4 | 01/28/02 | 500,000 | | | |
| 5 | 01/28/02 | 100,000 | | | |
| 6 | 01/28/02 | 100,000 | | | |
| 7 | 01/28/02 | 100,000 | | | |
| 8 | 01/28/02 | 500,000 | | | |
| 9 | 01/28/02 | 100,000 | | | |
| 10 | 01/28/02 | 500,000 | | | |
| 11 | 01/30/02 | 5,464,200 | | A's 1 of 2 | |
| 12 | 01/30/02 | 7,035,900 | | A's 2 of 2 | |
| 13 | 02/12/02 | 150,000 | | Responses to Investigated Items | |
| 14 | 03/06/02 | 34,613,324 | Deposit by Transfer | A's 1 | Admit. |
| 15 | 03/13/02 | 500,000 | | Responses to Investigated Items | |
| 16 | 03/13/02 | 500,000 | | Responses to Investigated Items | |
| 17 | 03/13/02 | 500,000 | | Responses to Investigated Items | |
| 18 | 03/15/02 | 200,000 | | Responses to Investigated Items | |
| 19 | 03/15/02 | 200,000 | | | |
| 20 | 03/15/02 | 1,000,000 | Deposit by Transfer | | |
| 21 | 03/15/02 | 615,000 | Deposit by Transfer | Responses to Investigated Items | Admit (Rec'd 3/18). |
| 22 | 03/20/02 | 1,000,000 | Deposit by Transfer | Responses to Investigated Items | Admit. |
| 23 | 03/20/02 | 1,000,000 | Deposit by Transfer | Responses to Investigated Items | Admit. |
| 24 | 03/27/02 | 12,700,000 | Deposit by Transfer | A's 1 | Admit. |
| 25 | 03/27/02 | 100,000 | Deposit by Transfer | Responses to Investigated Items | Admit. |
| | Total | 68,678,424 | | | Admit. |

This is a certified copy.

October 2, 2009

Tokyo District Court Civil Section Department 37

Clerk of Court          Mitsutaka Inoue   *[seal]*

<div style="border: 1px solid black; padding: 1em;">

## Writ of Execution

Creditor may make a forcible execution against the debtors on this named debt.

October 2, 2009

Tokyo District Court Civil Section 37

Clerk of Court                    Mitsutaka Inoue [official seal]

| Creditor<br>(Plaintiff) | Naoko Ohno |
|---|---|
| Debtor<br>(Defendants) | Saints of Glory Church<br>Yuko Yasuma<br>Rie Ihara |

The extent to which a forcible execution may be made on that part of the right of claim pertaining to the named debt

### Basis for the Vesting

A  Documents evidencing the occurrence of facts to be proved are submitted.
B  Facts such as Succession are evident (Reg. 17②).
C  Documents evidencing succession, etc. are submitted.
D  Decision ordering the vesting
(Enter applicable code on the right column)

| Repeat Vesting | One letter for second time |
|---|---|

Note 1   Enter diagonal line if there are no applicable items.
Note 2   Pursuant to Civil Attachments Code Section 29, when service is made of the certified copy of
this Writ of Execution, enter the Case Number of the Named Debt outside of the Upper Column.

</div>

平成２１年８月２８日判決言渡し　同日原本領収　裁判所書記官

平成１９年（ワ）第７０２０号損害賠償請求事件

口頭弁論の終結の日　平成２１年７月３１日

<div align="center">判　　　　　決</div>

東京都北区西ヶ原三丁目３３番１９号２０３

　　　　　原　　　　　告　　　　大　　野　　尚　　子

　　　　　同訴訟代理人弁護士　　　紀　　藤　　正　　樹

　　　　　同　　　　　　　　　　　江　　川　　　　剛

アメリカ合衆国カリフォルニア州アナハイム市バンヤン通り東１７８０番
地９２８０５

　　　　　被　　　　　告　，　セインツ・オブ・グローリー教会

　　　　　同代表者代表役員　　　　安　　間　　悠　　子

　　　　　　　　　　　　　　　　（以下「被告教会」という。）

　同所

　　　　　被　　　　　告　　　　安　　間　　悠　　子

　　　　　　　　　　　　　　　　（以下「被告安間」という。）

東京都北区上中里一丁目７番６号

　　　　　被　　　　　告　　　　居　　原　　理　　恵

　　　　　　　　　　　　　　　　（以下「被告理恵」という。）

　同所

　　　　　被　　　　　告　　　　居　　原　　　　仁

　　　　　　　　　　　　　　　　（以下「被告仁」という。）

　　　　　被告ら訴訟代理人弁護士　　松　　丸　　　　渉

<div align="center">主　　　　文</div>

１　被告教会，被告安間及び被告理恵は，原告に対し，連帯して，７８８７万

　　８４２４円及びこれに対する平成１４年３月２７日から完済まで年５分の割

<div align="center">－ 1 －</div>

合による金員を支払え。

　2　原告の被告教会，被告安間及び被告理恵に対するその余の請求並びに被告

　　仁に対する請求をいずれも棄却する。

　3　訴訟費用中，原告と被告教会，被告安間及び被告理恵との間に生じたもの

　　は，これを１０分し，その１を原告の負担とし，その余を被告教会，被告安

　　間及び被告理恵の負担とし，原告と被告仁との間に生じたものは，原告の負

　　担とする。

　4　この判決は，主文第１項に限り，仮に執行することができる。

事 実 及 び 理 由

第１　請求

　　被告らは，原告に対し，連帯して８５５９万４７６６円及びこれに対する平

　成１４年３月２７日から完済まで年５分の割合による金員を支払え。

第２　事案の概要

　1　事案の要旨

　　原告は，被告教会の信者であったところ，被告らの詐欺的，脅迫的言辞によ

　って献金をさせられるなどしたとして，不法行為（被告教会については，主位

　的に不法行為，予備的に不当利得）に基づき，８５５９万４７６６円（献金し

　た額に相当する６８６７万８４２４円，慰謝料１０００万円及び弁護士費用７

　７８万１３４２円の合計８６４５万９７６６円の内金）並びにこれに対する最

　後の献金の日（平成１４年３月２７日）から完済まで年５分の割合による遅延

　損害金の支払を求めている。

　2　当事者（証拠を付記したものを除き，当事者間に争いがない。）

　(1)　原告は，昭和３４年生まれの女性であり，平成６年，被告教会の信者にな

　　った。

　(2)　被告教会は，アメリカ合衆国カリフォルニア州で法人登録されている教会

　　である。

⑶　被告安間は，被告教会の代表者であり，その創始者のひとりであって，被告教会の牧師として活動している。

⑷　被告理恵は，被告教会が東京で開催する集会の責任者であり，平成１５年４月には，被告教会の牧師となった（被告理恵本人）。被告仁は，被告理恵の夫であり，被告教会の信者である。被告教会の日本での活動拠点は，被告理恵及び被告仁の自宅にあった。

3　原告の主張

⑴　献金

原告は，別紙支出額一覧表記載のとおり，平成１４年１月２４日から同年３月２７日にかけて，被告教会に対し，合計６８６７万８４２４円を献金した（以下，これを「本件献金」という。）。

⑵　本件献金に至る経緯

被告安間と被告理恵は，被告安間が語る言葉は絶対であり，これに従わなければ地獄に落ちるなどと述べて，執拗に献金をするよう迫った。当時，原告は，被告教会の他の信者と同居させられて監視されていた。また，統合失調症であったにもかかわらず，薬の服用を禁じられていたことから，精神的に極めて不安定な状態にあった。原告は，このような状態において，金銭に執着していると地獄に落ちるなどとして執拗に献金を迫られた結果，本件献金したものであり，これは，原告のほぼ全財産に当たるものであった。

⑶　精神的苦痛

また，原告は，被告らの行為によって，次のとおり，精神的苦痛を受けた。

ア　原告は，東京外国語大学卒業後，外資系銀行や金融関連会社において，トレーディング等の業務に従事していたが，被告安間から，「頭はいらない。」と何度も言われたことから，平成１１年２月に金融関連会社を退職することになり，職業選択の自由を奪われた。その上，本件献金によってほぼ全財産を失い，極めて困窮した生活を強いられることになった。

イ　原告は，被告安間から，薬は副作用があるからよくないと言われて薬の
　　服用を禁じられていたため，精神的に不安定な毎日を送ることを余儀なく
　　された。

ウ　原告は，平成１０年２月ころ，父の危篤の知らせを受けたが，被告安間
　　に認めてもらえなかったため，父の最期に立ち会うことも，葬式に参列す
　　ることもできなかった上，そのことが原因となって，家族との関係に亀裂
　　が生じ，平成１７年１０月に原告の母が死亡した際にも，そのことを知ら
　　せてもらうことができなかった。

エ　原告は，被告安間から，結婚するのはよくないことであると言われてい
　　たため，結婚に対して消極的となり，結婚して家庭生活を送る機会を奪わ
　　れた。

(4)　被告らの責任原因

ア　被告安間

　　被告安間は，以上の行為について，原告に対し，民法７０９条，７１９
　条に基づき，損害賠償責任を負う。

イ　被告教会

　　被告教会は，以上の行為について，原告に対し，民法７０９条，７１５
　条１項，４４条１項又は宗教法人法１１条１項の類推適用，７１９条に基
　づき，損害賠償責任を負う。

　　また，仮に上記責任が認められないとしても，本件献金は公序良俗に反
　するものとして無効であり（民法９０条），被告教会は悪意の受益者である。
　したがって，被告教会は，原告に対し，不当利得として，本件献金によっ
　て受けた利益を返還し，かつ，原告に生じた損害を賠償する義務を負う（同
　法７０３条，７０４条）。

ウ　被告理恵

　　被告理恵は，被告安間と共謀して，原告に本件献金をさせたものである

から，原告に対し，民法７０９条，７１９条に基づき，損害賠償責任を負う。

エ　被告仁

被告仁は，本件献金の勧誘に関与していたから，原告に対し，民法７０９条，７１９条に基づき，損害賠償責任を負う。

(5)　損害額

原告が被った損害は，次のアからウまでの合計８６４５万９７６６円である。

ア　献金した額に相当する６８６７万８４２４円

イ　慰謝料１０００万円

ウ　弁護士費用７７８万１３４２円

(6)　被告らは，消滅時効を援用するが，原告が被告安間や被告理恵から教え込まれていた地獄に対する恐怖心から抜け出し，被害を認識したのは，平成１８年９月１９日（原告が被告教会，被告安間及び被告理恵に対する損害賠償の請求書を発送した日）ころであり，時効の起算点はこの時である。したがって，本件訴えの提起（平成１９年３月２０日）までの間に時効期間は経過しておらず，消滅時効は完成していない。

4　被告らの主張

(1)　本件訴訟は，原告が，信仰に基づいて献金を行ったが，その後，被告教会の教えを信じることができなくなって，献金の返還を求めるというものであるから，原告の請求の当否を判断するためには，被告教会の教義の解釈が重要かつ不可欠である。したがって，本件訴訟は，純然たる宗教上の争いであって，法律上の争訟とはいえないから，不適法なものとして，却下されるべきである。

(2)　原告が主張する本件献金のうち，別紙支出額一覧表の番号１４及び２０から２５までに記載のものは認めるが，その余のものは，確認することができ

- 5 -

ない。原告は，その信仰に基づいて，献金をしたものである。

(3) 原告のその余の主張は，いずれも否認する。

(4) 仮に，原告の主張する請求権が発生したとしても，消滅時効が完成している。被告らは，平成２０年４月９日の本件口頭弁論期日において，これを援用するとの意思表示をした。

第３　当裁判所の判断

１　認定事実

証拠（甲１から３まで，甲６から９まで，甲２３，甲２８（以上につき，枝番のあるものは枝番も含む。），乙１，乙７，原告本人，被告理恵本人，被告仁本人，調査嘱託の結果）及び弁論の全趣旨によれば，以下の事実が認められる。被告理恵の供述中，これに反する部分は，採用することができない。

(1) 原告は，昭和３４年生まれの女性である。昭和５８年３月に東京外国語大学を卒業し，同年４月から平成１１年２月まで，外資系銀行や金融関連会社において，トレーディング等の業務に従事していた。

(2) 原告は，平成３年ころ，心療内科において軽いうつ状態と診断され，抗うつ剤や精神安定剤を服用するようになった。

(3) 原告は，ロンドンで勤務していた平成６年，被告教会の信者となり，平成９年５月ころから，被告教会が東京で開催する祈りの会，バイブルスタディ及び礼拝（以下，これらをまとめて「東京集会」ということがある。）に参加するようになった。東京集会では，被告理恵が中心となって，聖書のことばを読んだり，カリフォルニア州の被告教会で被告安間が毎週日曜日に行った説教のテープを聴くといったことが行われていた。また，被告教会の信者は，収入の１０分の１を献金することとされており，原告もこれに従って収入の１０分の１を献金していた。被告仁は，東京集会に出席して，信者からのこのような献金を集め，被告理恵に渡していた。

(4) 被告教会では，信者は，聖書の言葉は絶対の真理であり，イエス・キリス

トに従わなければ地獄へ行くと教えられていた。そして，被告安間や被告理恵は，聖書を引用して，被告安間に従うようにと繰り返し説き，また，「頭はいらない。」として，考えることに対して否定的な態度をとっていた。

(5)　平成１０年２月，原告の父が死亡した。原告は，同年１月，妹から，父が末期ガンだと知らされ，父に会うため，実家に帰ることを求められたが，普段，被告安間や被告理恵から，葬式に出席するのはよくないことであると言われていたことから，被告安間に相談したところ，被告安間は，父に会いに行くことに否定的なことを述べた。そのため，原告は，実家に帰らず，葬式にも出席しなかった。同年３月，原告は，カリフォルニア州の被告教会に行き，被告安間の勧めに従って，洗礼を受けた。

(6)　平成１１年２月，原告は，勤務先会社が業務を縮小したことに伴い，退職を余儀なくされた。原告は，カリフォルニア州の被告教会に行き，被告安間に対し，退職したことや，一人暮らしをしていることなどを話したところ，同様の状況にあった信者である植木くに子と同居するように言われ，同年４月から，植木と２人でマンション「サーラ飛鳥山」の一室を借り，２人で暮らすようになった。また，原告は，被告安間が薬に対して否定的な発言を繰り返していたことから，このころ，抗うつ剤や精神安定剤の服用をやめた。同年夏，原告は，被告安間の指示で，地獄は実在しており，イエス・キリストに従わないと地獄に落ちるという内容のビデオ（甲８）と書籍（甲７）を買い，何度も見たり読んだりするようになった。また，これ以後，被告安間は，上記ビデオと書籍にたびたび言及するようになった。

(7)　被告安間や被告理恵は，原告その他の信者に対し，たびたび，ギビング（献金とは異なり，金銭に困った人や世話になった人に個人的に金銭を贈与すること）をするようにと言っていた。また，原告は，平成１３年初頭，マンションを買おうとしたところ，被告安間や被告理恵から，そのようなことはすべきではないと言われた。そこで，「サーラ飛鳥山」の賃貸借契約を更新する

 こととし，その際，家賃の減額を求めて交渉したところ，これについても，被告安間や被告理恵から，そのようなことはすべきではないと言われた。原告は，これによって，イエス・キリストに従っていなかったという罪悪感にとらわれ，さらに，被告安間から，自分がいかにギビングをしてきたかという話を聞かされたことから，同年１０月ころ，被告安間と被告理恵にそれぞれ８０万円をギビングした。

(8)　平成１４年１月２日，被告安間は，原告に対し，数時間にわたって，「戒め」と称する話をし，献金をするよう迫った。その中で，被告安間は，献金はすべてが恵みのわざである，お金を愛するのが一番の悪の根っこであり，地獄のルートである，地獄は永遠の世界だから二度と戻って来れない，イエスは，神のものは神に返しなさい，捨てたから貧困になるということはない，３０倍，６０倍，１００倍にして神のやり方で返すと言っている，お金を愛すると神の愛から完全に離れてしまう，お金は持てば持つほど貧困になる，一番の悪の根っこを切れば祝福の道に入れるなどと話した（甲２３）。

　　原告は，被告安間から，上記のとおりの「戒め」を受けて，恐怖を抱き，献金をするしかないという気持ちになり，その結果，平成１４年１月２４日から同年３月２７日にかけて，預貯金を解約するなどして，別紙支出額一覧表記載のとおり，被告教会に対し，合計６８６７万８４２４円を被告理恵に手渡して，又は被告理恵の預金口座に送金して，本件献金をした。これは，原告の当時のほぼ全財産に当たり，本件献金の後，原告には，約１００万円が残っただけであった。

(9)　その後，原告は，被告理恵や被告教会の信者の態度が冷たくなったと感じていたところ，平成１５年９月２６日，被告理恵から，原告はイエス・キリストに従っておらず，原告を被告教会から追い出すことにしたと告げられ，以後，東京集会に参加できなくなったが，その後も，被告教会の教義を信じ，被告安間の説教のテープを聴き，被告教会の教義を守る生活を続けていた。

　　しかし，平成１６年５月２７日，原告は，植木と同居していたマンションを出て行くよう，被告理恵から命じられた。被告理恵が原告に対してそのように命じた理由は，原告が悔い改めなかったからというものであった。同年夏ころ，原告は，受診していた精神科の医師から，薬を飲まないと大変なことになると言われて，薬の服用を再開した。そして，被告教会とは別の教会の行事等に参加するようになり，平成１７年末ころ，被告教会に騙された，被告教会の教えを信じる必要はないと考えるようになった。

　　なお，原告は，平成１４年１１月に受診した医院において，受診時には既に統合失調症であったと診断されている。

(10)　原告の母は，脳梗塞で入院した後，平成１７年１０月に死亡した。入院したことは原告に知らされることなく，死亡後，原告に伝えられた。

２　訴えの適法性

　　被告は，原告の請求の当否を判断するためには，被告教会の教義の解釈が重要かつ不可欠であるから，本件訴えは，純然たる宗教上の争いであって，法律上の争訟とはいえず，不適法なものとして，却下されるべきであると主張する。

　　しかし，本件訴えは，原告が，被告らの詐欺的，脅迫的言辞によって献金をさせられるなどしたとして，不法行為（被告教会については，主位的に不法行為，予備的に不当利得）に基づき，献金相当額の返還と，慰謝料及び弁護士費用の支払を求めるものであって，その当否についての判断をするために，宗教上の教義そのものについての判断をする必要があるとはいえない。そうすると，本件訴えは，宗教上の争いであるということはできず，法律上の争訟に当たるものというべきである。

　　したがって，本件訴えが不適法であるとの被告の主張は，採用することができない。

３　本件献金の勧誘の違法性

（１）　特定の宗教を信じる者が，その宗教の信者に対し，献金を勧誘することは，

－ 9 －

その方法が社会的に相当なものと認められる範囲を逸脱するものでない限り，違法なものということはできない。

　　しかし，献金を勧誘する行為が，勧誘の相手方に対し，その不安をあおり，困惑させ，又は恐怖心を抱かせるなどした上，そのような心理状態の中で献金を決意させるようなものであるときは，そのような勧誘行為に基づいてされた献金は，自由な意思に基づくものということができないから，上記範囲を逸脱するものとして，違法なものであり，不法行為が成立するというべきである。

(2)　前記認定事実によれば，原告は，平成６年に被告教会の信者となり，平成９年５月ころから，東京集会に参加するようになったこと，被告教会では，イエス・キリストに従わなければ地獄へ行くと教えられていたこと，また，原告は，被告安間に指示されて，イエス・キリストに従わなければ地獄に落ちるという内容のビデオと書籍を買い，何度も見たり読んだりするようになったこと，被告安間と被告理恵は，「頭はいらない。」として，考えることに否定的な態度をとった上，被告安間に従うようにと繰り返し説いたこと，原告は，平成３年ころ，軽いうつ状態と診断され，抗うつ剤や精神安定剤を服用していたが，被告安間から薬に対して否定的な発言を繰り返されたことから，平成１１年２月には，抗うつ剤や精神安定剤の服用をやめたこと，原告は，マンションを買おうとしたことや，賃借していたマンションの家賃の減額を求めようとしたことについて，被告安間や被告理恵から，そのようなことはすべきでないと言われ，イエス・キリストに従っていなかったという罪悪感にとらわれたこと，このような状況の中で，平成１４年１月２日，被告安間は，原告に対し，数時間にわたって，「戒め」と称して，お金を愛するのは地獄のルートであり，地獄は永遠の世界だから二度と戻って来れない，お金を愛するのが一番の悪の根っこである，一番の悪の根っこを切れば祝福の道に入れるなどと話し，献金をするよう迫ったこと，原告は，これによって

　　恐怖心を抱き，献金をするしかないという気持ちになって，被告理恵を通じ，被告教会に対して本件献金をしたこと，献金総額は６８６７万８４２４円であり，これは，原告の当時のほぼ全財産に当たること，平成１４年１１月に受診した医院では，受診時点で既に統合失調症であったと診断されたこと，以上の事実が認められる。

　　以上の事実によれば，原告は，考えることを否定され，また，うつ状態ないし統合失調症であったにもかかわらず，薬の服用その他の治療をしない状態で，イエス・キリストに従わなければ地獄に落ちると繰り返し言われ，かつ，原告はイエス・キリストに従っていなかったという罪悪感にとらわれた中で，数時間にわたって，献金をしなければ地獄に落ち，二度と戻ってくることができなくなるとの話を聞かされ，恐怖心を抱いて，ほぼ全財産を献金したものであり，かつ，その献金額は，極めて高額のものである。

　　そうすると，本件献金の勧誘は，うつ状態ないし統合失調症であった原告に対し，不安をあおり，恐怖心を抱かせるなどした上，そのような心理状態の中で献金を決意させるものであったということができ，このことに，献金額が極めて高額で，原告のほぼ全財産に当たるものであったことをも総合すれば，本件献金は，原告の自由な意思に基づくものであったということができない。したがって，本件献金の勧誘は，社会的に相当なものと認められる範囲を逸脱するものとして，違法なものであり，不法行為が成立するものというべきである。

４　被告らの責任

(1)　被告安間及び被告理恵

　　上記認定事実によれば，本件献金の勧誘は，被告安間と被告理恵によってされたものであり，被告安間と被告理恵は，いずれも本件献金の勧誘に当たって，欠くことのできない重要な役割を果たしたものということができる。

　　したがって，被告安間と被告理恵は，いずれも民法７０９条及び７１９条

に基づき，原告に対し，本件献金の勧誘によって原告に生じた損害の賠償義務を負う。

(2) 被告教会

被告安間は被告教会の代表者であり，その創始者のひとりであって，被告教会の牧師として活動している者であること，被告理恵は，東京集会の責任者であり，被告教会の日本での活動拠点は，被告理恵の自宅にあったこと（いずれも争いがない。），本件献金は被告教会に対するものであったこと（前記認定事実）によれば，被告安間と被告理恵は，いずれも被告教会の事業の執行について本件献金の勧誘行為をしたものと認めることができる。

したがって，被告教会は，民法７１５条に基づき，原告に対し，本件献金の勧誘によって原告に生じた損害の賠償義務を負う。

(3) 被告仁

被告仁は，被告理恵の夫であり，被告教会の信者であって，被告教会の日本での活動拠点は，被告理恵と被告仁の自宅にあった（争いがない。）。しかし，そのような事実のみから，被告仁が原告に対して不法行為責任を負うものと認めることはできず，他に，被告仁が本件献金の勧誘に関与していたと認めるに足りる証拠はない。

したがって，被告仁が原告に対して損害賠償義務を負うものということはできない。

5 損害額

原告に生じた損害の額は，次の(1)から(3)までの合計である７８８７万８４２４円と認められる。

(1) 献金額

原告は，本件献金によって，献金額に相当する６８６７万８４２４円の損害を被ったものと認められる。

(2) 慰謝料

　ア　上記のとおり，原告は，不安や恐怖心をあおられて，ほぼ全財産に当た
　　る極めて高額の本件献金をさせられたものであるから，これによって精神
　　的苦痛を受けたものと認められ，これを慰謝するためには，本件献金の額
　　に相当する額の賠償を受けただけでは足りないというべきである。したが
　　って，原告は，被告教会，被告安間及び被告理恵に対し，慰謝料の請求を
　　することができる。

　イ　原告は，その他に，慰謝料請求権の根拠として，①　被告安間から，「頭
　　はいらない。」と何度も言われたために，金融関連会社を退職することにな
　　り，職業選択の自由を奪われたこと，②被告安間から，薬は副作用がある
　　からよくないと言われて薬の服用を禁じられ，精神的に不安定な毎日を送
　　ることを余儀なくされたこと，③　被告安間に認めてもらえなかったため，
　　父の最期に立ち会うことも，葬式に参列することもできなかった上，その
　　ことが原因となって，家族との関係に亀裂が生じ，原告の母が死亡した際
　　にも，そのことを知らせてもらうことができなかったこと，④　被告安間
　　から，結婚するのはよくないことであると言われていたため，結婚に対し
　　て消極的となり，結婚して家庭生活を送る機会を奪われたことによる精神
　　的苦痛を受けたことを主張する。

　　　しかし，①のうち「頭はいらない。」と何度も言われたこと及び②は，本
　　件献金の勧誘行為の一環として，それに対する慰謝料として考慮すれば足
　　りる。①のうち，原告が金融関連会社を退職したことについては，前記認
　　定事実によれば，退職は勤務先会社が業務を縮小したことに伴うものであ
　　ったと認められるから，このことに関して，被告らに慰謝料を請求するこ
　　とはできない。③及び④については，前記認定の事実経過に照らしても，
　　慰謝料の支払義務を認めるべき違法行為があったということはできない。

ウ　以上の説示を前提として，前記認定事実に照らすと，慰謝料の額は３０
　　０万円が相当であると認める。

- 13 -

(3) 弁護士費用

　　　賠償を命ずべき弁護士費用の額は，７２０万円が相当であると認める。

6　消滅時効

　　　被告らは，原告の損害賠償請求権については消滅時効が完成したと主張する。

　　　しかし，不法行為による損害賠償の請求権の時効は，被害者が「損害及び加害者を知った時」から進行する（民法７２４条）ところ，「損害及び加害者を知った」というためには，加害行為が不法行為であることを知ることをも要すると考えるべきである。そして，前記認定事実によれば，原告は，本件献金の後も，被告教会の教義を守る生活を続けていたものであり，平成１７年末ころになって初めて，被告教会に騙された，被告教会の教えを信じる必要はないと考えるようになったものであるから，本件献金の勧誘行為が不法行為であることを知ったのは，そのころであったというべきである。そうすると，その後，本件訴えが提起された平成１９年３月２０日までの間に，３年の時効期間は経過していないから，消滅時効が完成したと認めることはできない。

　　　したがって，被告らの上記主張は，採用することができない。

第4　結論

　　　以上のとおり，原告の請求は，被告安間及び被告理恵に対しては民法７０９条及び７１９条に基づき，被告教会に対しては同法７１５条に基づき，連帯して，損害賠償として７８８７万８４２４円及びこれに対する平成１４年３月２７日から完済まで年５分の割合による遅延損害金の支払を求める限度で理由があり，被告安間，被告理恵及び被告教会に対するその余の請求と被告仁に対する請求は，いずれも理由がない。


　　　東京地方裁判所民事第３７部


- 14 -

裁判官　　村　　上　　正　　敏

（別紙）

## 支出額一覧表

| 番号 | 年月日 | 金額 | 支払方法 | 証拠 | 被告の認否 |
|---|---|---|---|---|---|
| 1 | H14.1.24 | 500,000 | 手渡し | | |
| 2 | H14.1.24 | 500,000 | 手渡し | | |
| 3 | H14.1.24 | 200,000 | 手渡し | 調査事項回答書 | |
| 4 | H14.1.28 | 500,000 | 手渡し | | |
| 5 | H14.1.28 | 100,000 | 手渡し | | |
| 6 | H14.1.28 | 100,000 | 手渡し | | |
| 7 | H14.1.28 | 100,000 | 手渡し | | |
| 8 | H14.1.28 | 500,000 | 手渡し | | |
| 9 | H14.1.28 | 100,000 | 手渡し | | |
| 10 | H14.1.28 | 500,000 | 手渡し | | |
| 11 | H14.1.30 | 5,464,200 | 手渡し | 甲2の1 | |
| 12 | H14.1.30 | 7,035,900 | 手渡し | 甲2の2 | |
| 13 | H14.2.12 | 150,000 | 手渡し | 調査事項回答書 | |
| 14 | H14.3.6 | 34,613,324 | 振込送金 | 甲1 | 認める。 |
| 15 | H14.3.13 | 500,000 | 手渡し | 調査事項回答書 | |
| 16 | H14.3.13 | 500,000 | 手渡し | 調査事項回答書 | |
| 17 | H14.3.13 | 500,000 | 手渡し | 調査事項回答書 | |
| 18 | H14.3.15 | 200,000 | 手渡し | 調査事項回答書 | |
| 19 | H14.3.15 | 200,000 | 手渡し | | |
| 20 | H14.3.15 | 1,000,000 | 振込送金 | | 認める。 |
| 21 | H14.3.15 | 615,000 | 振込送金 | 調査事項回答書 | 認める(3/18着金)。 |
| 22 | H14.3.20 | 1,000,000 | 振込送金 | 調査事項回答書 | 認める。 |
| 23 | H14.3.20 | 1,000,000 | 振込送金 | 調査事項回答書 | 認める。 |
| 24 | H14.3.27 | 12,700,000 | 振込送金 | 甲1 | 認める。 |
| 25 | H14.3.27 | 100,000 | 振込送金 | 調査事項回答書 | 認める。 |
| | 合　計 | 68,678,424 | | | |

これ は 正本 で ある。

平成　２１　年　１０　月　２　日

　　　東京地方裁判所民事第３７部


　　　　　裁判所書記官　　井　上　光　孝

# 執　行　文

　　債権者は，債務者らに対し，この債務名義により強制執
行をすることができる。

　　　平成２１年１０月２日

　　　　東京地方裁判所民事第３７部

　　　　　　裁判所書記官　井　上　光　孝

| 債　権　者<br>［原　告］ | 大　野　尚　子 |
|---|---|
| 債　務　者ら<br>［被告ら］ | セインツ・オブ・グローリー教会<br>安　間　悠　子<br>居　原　理　恵 |

| 債務名義に係る請求権の一部について強制執行をすることができる範囲 |
|---|
|  |

| 付　　与　　の　　事　　由 | |
|---|---|
| ア　証明すべき事実の到来を証する文書を提出<br>イ　承継などの事実が明白（規１７②）<br>ウ　承継などを証する文書を提出<br>エ　付与を命ずる判決<br>（該当する符号を右の欄に記載する。） | |
| 再　　度　　付　　与 | ２度目１通 |

注１　該当する事項がない場合には，斜線を引く。
注２　民事執行法29条後段により本執行文の謄本を送達する場合には，上部欄外に債務
　　　名義の事件番号を付記する。

# EXHIBIT B

## DECLARATION OF INTERPRETER/TRANSLATOR

I, Kaoru Tamura say: I am a Japanese-English court interpreter certified by the State of California Judicial Council, Administrative Office of the Courts; I am also listed as a Japanese-English court interpreter qualified to interpret in the United States District Court for the Central District of California.  I am familiar with the English and Japanese languages; I have translated the attached document: ***Judgment Pronounced February 17, 2010 by the Tokyo High Court, Case No. 2009 (Ne) No. 5030, Matter of Appeal re Action for Damages re Appellants Saints of Glory Church, Yasuma and Ihara vs. Appellee Ohno***, consisting of 5 (five) pages and translated into 5 (five) pages, from Japanese to English to the best of my ability and knowledge, and subject to the copy quality of the Japanese document which was received by me.

The foregoing is a true and correct translation of said document.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 20th day of August, 2010 at Los Angeles, California.


_____
Kaoru Tamura

Judgment Pronounced February 17, 2010  Original Received Same Date  Clerk of Court Yukio Hasegawa

2009 (Ne) No. 5030  Matter of Appeal re Action for Damages (Original Decision: Tokyo District Court 2007 (Wa) No. 7020

Date of Completion of Oral Argument     December 21, 2009

<div align="center">Decision</div>

1780 East Bunyan Street, Anaheim, California 92805, United States of America

| | |
|---|---|
| Appellant | Saints of Glory Church |
| Representative Officer of above | Yuko Yasuma |
| | (hereinafter called "Appellant Church") |

Same Address

| | |
|---|---|
| Appellant | Yuko Yasuma |
| | (hereinafter called "Appellant Yasuma") |

7-6 Kami Nakazato 1-chōme, Kita-ku, Tokyo

| | |
|---|---|
| Appellant | Rie Ihara |
| | (hereinafter called "Appellant Rie") |
| Attorney for Appellants | Wataru Matsumaru |

33-19-203 Nishigahara 3-chōme, Kita-ku, Tokyo

| | |
|---|---|
| Appellee | Naoko Ohno |
| Attorneys for same | Masaki Kito |
| | Go Ekawa |

<div align="center">Holding</div>

1.  The appeal in this matter is dismissed.

2.  Cost of appeal shall be borne by Appellants.

<div align="center">Facts and Reasoning</div>

No. 1   Substance of the Appeal

<div align="center">Tokyo High Court</div>

    1      To overturn that part of the decision in which the appellants lost the case.

    2      To dismiss the claims by appellee pertaining to the above part which is overturned.

No. 2   Summary of Case

    1      Substance of Case

Appellee had been a member of the Appellant Church.  Alleging that she was induced to make offerings based on fraudulent and threatening statements by the Appellants and Jin Ihara, a co-defendant in the Court of First Instance (hereinafter "Co-Defendant Jin in the Court of First Instance"), Appellee sought 85,594,766 Yen (the partial sum of 86,459,766 Yen, which is the total of 68,678,424 Yen equivalent to the amount of offerings, 10,000,000 Yen for pain and suffering, attorneys fees of 7,781,342 Yen), and delay interest damage at 5% per annum from the last day in which an offering was made (March 27, 2002) to the time in which payment is completed), for tort (as to Appellant Church, primarily for tort, secondarily for unjust enrichment).

The lower court joined the Appellee's claims against the Appellants and granted the claim to the extent of compensating 78,878,424 Yen and 5% annual interest from the last day in which an offering was made (March 27, 2002) until the time in which payment is complete, and dismissed the claim as against Jin Ihara, a co-defendant in the Court of First Instance.  Appellants then appealed seeking dismissal of the entire claim.  Moreover, as pertains Jin, the co-defendant in the Court of First Instance, the lower court's decision was affirmed.

    2      Parties' Assertions, etc.

Assertion by the Parties, the Appellee, and the Appellants are as recited in that part of the decision pertaining to the Appellants in 2 through 4 of "No. 2 Summary of Case" contained in "Facts and Reasoning," so these are incorporated herein except as amended below.

(1) "Offerings in this Case" in p. 3, line 18 through line 19 is corrected as "made the Offerings in this Case."

(2) P. 5, line 17 is amended as follows, and additions are made as follows:

"The 'point in time in which she ceased to live together with church members,' which the appellants assert as the origination date of the Statute of Limitations, is after May 27, 2004.  Because this lawsuit was filed on March

Tokyo High Court

-2-

20, 2007, even if this date is deemed to be the starting point, the Statute of Limitation would not have run.  Likewise, whereas the Appellants assert that the origination date should be the 'point in time in which she ceased to attend the Appellant Church' on September 26, 2003, the Appellee had made the claim for compensation against the Appellants on September 20, 2005 which is within 3 years of the said date.  Therefore, even if the viewpoints asserted by the Appellants are adopted, the Statute of Limitation would not have run."

(3) After the word "have run" in Page 6, lines 3 through 4, should be added: "The origination date for the Statute of Limitation should be the point in time whereby some objective fact has occurred, such as when the Appellee had made the donation in this matter, or when she ceased to attend Appellant Church, or when she ceased to live with church members, etc.

3      Decision of this Court

This court also finds that the Appellee's claims have merit to the extent that it was granted by the lower court's decision.  The grounds are as explained in that part of the trial court's decision pertaining to the Appellants in "No. 3  The Decision of this Court" contained in "Facts and Reasoning," which is incorporated herein.  Furthermore, the points asserted by the Appellants as the grounds for appeal are either contrary to the reasoning recited above, or not based on evidence, or is based on their own distinct viewpoint which differs from the viewpoint of this Court, so cannot be adopted.

4      Conclusion

Accordingly, the Appellee's claims have merit to the extent that it was granted by the lower court's decision; the other claims have no grounds, so are dismissed.  The lower court's decision is proper to the extent that it is consistent with this, and because there is no ground for the appeal in this matter, it is dismissed.

Tokyo High Court, Civil Section, Division 12

Tokyo High Court

| Chief Judge | Yukizō Yanagida |
| Judge | Tsuyoshi Daiku |
| Judge | Akihiko Iwatsubo |

Tokyo High Court

This is a certified copy.


February 17, 2010


Tokyo High Court, Civil Section, Division 12


Clerk of Court      Yukio Hasegawa *[seal]*

平成２２年２月１７日判決言渡し　同日原本領収　裁判所書記官　長谷川　幸雄

平成２１年（ネ）第５０３０号損害賠償請求控訴事件（原審・東京地方裁判所平成

１９年（ワ）第７０２０号）

口頭弁論の終結の日　平成２１年１２月２１日

<div align="center">

判　　　　　決

</div>

アメリカ合衆国カリフォルニア州アナハイム市バンヤン通り東１７８０番

地９２８０５

　　　　　控　　訴　　人　　　　　セインツ・オブ・グローリー教会

　　　　　同代表者代表役員　　　　安　　間　　悠　　子

　　　　　　　　　　　　　　　（以下「控訴人教会」という。）

同所

　　　　　控　　訴　　人　　　　　安　　間　　悠　　子

　　　　　　　　　　　　　　　（以下「控訴人安間」という。）

東京都北区上中里一丁目７番６号

　　　　　控　　訴　　人　　　　　居　原　理　恵

　　　　　　　　　　　　　　　（以下「控訴人理恵」という。）

　　　　　控訴人ら訴訟代理人弁護士　松　　丸　　　　渉

東京都北区西ヶ原三丁目３３番１９号２０３

　　　　　被　控　訴　人　　　　　大　野　尚　子

　　　　　同訴訟代理人弁護士　　　紀　藤　正　樹

　　　　　同　　　　　　　　　　　江　川　　剛

<div align="center">

主　　　文

</div>

１　本件控訴をいずれも棄却する。

２　控訴費用は，控訴人らの負担とする。

<div align="center">

事　実　及　び　理　由

</div>

第１　控訴の趣旨

<div align="right">

東　京　高　等　裁　判　所

</div>

<div align="center">

－　１　－

</div>

  1  原判決中，控訴人らの敗訴部分を取り消す。

  2  上記取消部分に係る被控訴人の請求をいずれも棄却する。

第2  事案の概要

  1  事案の要旨

    被控訴人は，控訴人教会の信者であったところ，控訴人ら及び第1審相被告居原仁（以下「第1審相被告仁」という。）の詐欺的，脅迫的言辞によって献金をさせられるなどしたとして，不法行為（控訴人教会については，主位的に不法行為，予備的に不当利得）に基づき，８５５９万４７６６円（献金した額に相当する６８６７万８４２４円，慰謝料１０００万円及び弁護士費用７７８万１３４２円の合計８６４５万９７６６円の内金）並びにこれに対する最後の献金の日（平成１４年３月２７日）から支払済みまで年５分の割合による遅延損害金の支払を求めた。

    原審は，被控訴人の請求を控訴人らにつき連帯して，７８８７万８４２４円及びこれに対する平成１４年３月２７日から支払済みまで年５分の割合による金員の支払を求める限度で認容し，第1審相被告仁に対する請求を棄却したところ，控訴人らが請求全部の棄却を求めて控訴した。なお，第1審相被告仁との関係では，原判決は確定した。

  2  当事者の主張等

    当事者，被控訴人の主張，控訴人らの主張は，次のとおり補正するほかは，原判決の「事実及び理由」中の「第2  事案の概要」の2ないし4の控訴人ら関係部分に記載のとおりであるから，これを引用する。

  (1)  3頁18行目から19行目にかけての「本件献金」を「本件献金を」に改める。

  (2)  5頁17行目の次に改行して，次のとおり加える。

    「  控訴人らが消滅時効の起算点として主張する「教会員との同居を止めた時点」は平成１６年５月２７日以降であり，本件訴訟提起は平成１９年３

東 京 高 等 裁 判 所

月２０日であるから，同日を基準とした場合，消滅時効が完成することは
ない。同じく，控訴人らがその起算点として主張する「控訴人教会に通わ
なくなった時点」は，平成１５年９月２６日であるところ，被控訴人は，
同日から３年以内の平成１８年９月２０日に控訴人らに対し損害賠償の請
求をし，同日から６か月以内に本件訴訟を提起した。したがって，控訴人
らの主張する見解を前提としても，消滅時効の完成が認められる余地はな
い。」

(3)　６頁３行目から４行目にかけての「完成している。」の次に「消滅時効の起
算点としては，被控訴人が本件献金を行った時点，控訴人教会に通わなくな
った時点又は教会員との同居を止めた時点など客観的事実が生じた時点とす
べきである。」を加える。

第３　当裁判所の判断

当裁判所も，被控訴人の請求は，原判決が認容した限度で理由があると判断
する。その理由は，原判決の「事実及び理由」中の「第３　当裁判所の判断」
の控訴人ら関係部分に説示するとおりであるから，これを引用する。なお，控
訴人らが控訴理由として主張する点は，上記説示に反するか，証拠に基づかな
いか，又は当裁判所の見解とは異なる独自の見解に基づくものであるから，採
用することができない。

第４　結論

以上によれば，被控訴人の請求は原判決が認容した限度で理由があるからそ
の限度で認容し，その余の請求は理由がないから棄却すべきであり，これと同
旨の原判決は相当であって，本件控訴はいずれも理由がないから，これを棄却
することとする。

東京高等裁判所第１２民事部

東　京　高　等　裁　判　所

裁判長裁判官　　　柳　　田　　幸　　三

裁判官　　　大　　工　　　　　強

裁判官　　岩　　坪　　朗　　彦

東 京 高 等 裁 判 所

これ は 正本 で あ る 。

　平成２２年２月１７日


　　東京高等裁判所第１２民事部


　　裁判所書記官　　長 谷 川　幸 雄

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 6400 ODW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert W. Cohen (SBN 150310)
Law Offices of Robert W. Cohen
1875 Century Park East, Suite 1770
Los Angeles, CA 90067

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOKO OHNO, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>YUKO YASUMA, an individual, and SAINTS OF GLORY CHURCH, a California corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 6400 ODW PJWx<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): Yuko Yasuma and Saints of Glory Church

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Robert W. Cohen_____, whose address is _1875 Century Park East, Suite 1770, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   AUG 26 2010

By:   CHRISTOPHER POWERS
Deputy Clerk

(Seal of the Court)   SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Naoko Ohno | Yuko Yasuma and Saints of Glory Church, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert W. Cohen, Law Offices of Robert W. Cohen 1875 Century Park East, Suite 1770, CA 90067 | Unknown |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 843,235.66 with 5% annum int.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332(a)(2) and Cal. Code Civ. Proc. §1713 et seq.

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 6400

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Naoko Ohno- Japan |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Yuko Yasuma - Orange County<br>Saints of Glory Church - Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Japan |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date August 23, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |